UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

RAMONA S. DOWDY,

      Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD. INC.
a/ka CLASSICA CRUISE OPERATOR LTD.,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff RAMONA S. DOWDY hereby sues the Defendant CLASSICA CRUISE OPERATOR LTD. INC., a/ka CLASSICA CRUISE OPERATOR LTD. and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF**. The Plaintiff Ramona Dowdy (hereinafter referred to as "Plaintiff" or "Dowdy"), is *sui juris* and is a citizen and resident of the United States of America and a citizen and resident of Rocky Mount, Virginia.

3.    **THE DEFENDANT.** The Defendant CLASSICA CRUISE OPERATOR LTD. INC. is a Foreign Profit Corporation allegedly incorporated in the Commonwealth of the Bahamas, but with its principal address in Orlando, Florida, its mailing address in Orlando, Florida and its registered agent located in Plantation, Florida, its CEO Christopher Ivy and CFO Douglas Pace are both located in Orlando Florida does business in the State of Florida and at all times material hereto was and is doing business in Florida.  At all times material hereto CLASSICA CRUISE OWNER LTD. INC. owned and/or operated the cruise shipon which the subject negligence occurred.

4.    **FEDERAL SUBJECT MATTER JURISDICTION**.  Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332 as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Orange County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendants.

5.    **VENUE AND PERSONAL JURISDICTION.**   The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. **SPECIFIC PERSONAL JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332 as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in the Southern District of Palm Beach, as required by the venue selection clause as represented by counsel for the Defendant and Passenger Contract Ticket issued by the Defendant.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF INCIDENT.** This incident occurred on July 28, 2024.

9. **LOCATION OF INCIDENT.** This incident occurred onboard the Defendant's cruise ship, *Margaritaville at Sea Paradise*, is a ship in navigable water, while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred in the Emporium Lounge on Deck 8 of the cruise ship. Upon information and belief the photograph below depicts the Emporium Lounge on Deck area at issue, but does not accurately depict the condition of the area at the time of the incident including but not limited to the lack of guests and crew and lighting conditions:



10.   **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.**   At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

11.      ___*MARGARITAVILLE AT SEA PARADISE*___ **AND THE DANGEROUS**

**CONDITION**. The Defendants owns and operates 2 cruise ships which include the *Margaritaville at Sea Paradise* and *Margaritaville at Sea Islander* and preparing to launch *Margaritaville at Sea Beachcomber* expected to join the fleet in late 2026 or early 2027.  The Defendant's operation of their fleet of ships include offering amenities in central locations onboard each of its ships for guests to enjoy.  One of those amenities is a the Emporium Lounge which is highly trafficked by guests to enjoy live entertainment and music, drinks and snacks and/or otherwise socialize.  The lounge includes different areas with chairs, couches and tables for guests to sit.  These areas are connected with walkways leading between these areas.  The Defendant provided low lit lighting in the lounge making it harder for guests to see when walking and navigating through the Emporium Lounge.  This is the case despite the fact that there are steps and/or unlevel areas which guests must navigate is dark and crowded with guests and crew moving within this busy area.  The Defendant knew or certainly should have known to mark, illuminate, provide railings, provide warnings for all unlevel areas including low steps within its lounges. For that reason, the Defendant knew or should have known that it is extremely important to inspect and maintain the walkways in the dark, busy lounge in such a fashion as to keep the walkways safe for passenger traffic. This includes warning guests of potential hazards within the lounge that may cause guests to trip and fall.

12.     The Defendant chose and/or approved to design, construct, install and/or otherwise maintain a hidden, unmarked, low level step/sudden change in height within its dark, busy lounge area.  These low step areas are sudden changes of height in the walkways. These low step areas within the walkways are made of the same or similar materials and/or same-colored materials as the rest of the walkway without lighting, markings and/or visual cues (particularly for dark lighting conditions) and/or railings. This causes an optical illusion which can camouflage and/or blend these low step into the walkway.   The Defendant failed to maintain the walkway free from a known tripping hazards despite the fact that the company knows guests will walk in the walkway with the hidden low step when the area is dark, busy with crowds of guests and working crew and loud distracting music and/or entertainment.

13.     **<u>DESCRIPTION OF THE INCIDENT</u>**. The cruise line allowed a step that was not readily apparent to exist in the Emporium Lounge for an extended period of time.  This step is hidden and/or unapparent to passengers including Mrs. Dowdy.  Mrs. Dowdy did not anticipate or see the step in the walkway before she tripped and fell.  Despite having noticed that passengers are unfamiliar with its ships, unfamiliar as to where steps may be located, the cruise line failed to mark or indicate that there was a step present in the walkway where Mrs. Dowdy fell.  The cruise line failed to place reasonable signs indicating to watch your step at or near the step.  The cruise line failed to place any visual markers, lights, railings or warnings at or near the hidden step.  Accordingly, when former passenger Mrs. Dowdy was attempting to walk to a table in the Emporium Lounge, she tripped on a hidden step, fell forward and was severely and permanently injured.

14.     On July 28, 2024, Mrs. Dowdy was walking through the Emporium Lounge on Deck 8 with her husband. This was the first time Mrs. Dowdy had been walking in the Emporium Lounge. Despite looking forward and paying attention to where she was going, Mrs. Dowdy's right foot got caught on the hidden step and she fell forward with full force and weight of her body.  Mrs. Dowdy landed on her right knee, left arm and face.

15.     Mrs. Dowdy was taken to the infirmary, and her left arm was placed on a sling. To further evaluate her injuries, the next day Mrs. Dowdy was taken to the hospital by ambulance in Freeport Bahamas for x-rays. At the hospital Mrs. Dowdy was placed in a cast.  On July 30, 2024, Mrs. Dowdy disembarked and drove home, which took approximately 13 hours.  Mrs. Dowdy booked an appointment with an orthopedic surgeon who saw her on July 31, 2024.  The orthopedist recast Mrs. Dowdy's arm.  The doctor further advised that because of the fall she suffered a spiral fracture of her left humerus, radial and ulnar nerve damage, wrist drop of her left hand, a torn right meniscus with significant swelling.

16.     Mrs. Dowdy's surgeon scheduled her for the earliest available date to perform surgery. On August 8, 2024, the surgeon performed an open reduction with internal fixation which required implanting 2 plates titanium cage and 14 screws to correct the damage.  On August 26, 2024, she returned to have the 52 staples removed from the surgical procedure.  She underwent physical therapy starting on August 28, 2024.  Subsequently Mrs. Dowdy has been diagnosed with radial and ulnar nerve damage.

17.     **DAMAGES.**  As a result of the Defendant's negligence, the Plaintiff tripped, fell and sustained severe and permanent injuries, including but not limited a shattered left humerous nerve damage, wrist drop, torn meniscus of the right knee. These injuries are permanent and significantly affect the life and abilities of Mrs. Dowdy. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. Mrs. Dowdy has suffered these losses in the past and will continue to suffer in the future. These injuries and damages include but are not limited to economic damages including medical, psychological them, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future. These injuries and damages also include but are not limited to non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

18.     **NOTICE: PRIOR SIMILAR INCIDENTS**. Prior similar incidents show evidence that the Defendant had notice of the dangerous condition here.  The Defendant documents prior trip and falls and tripping hazards in various ways, which may include prior shipboard meetings, logs, or databases of prior similar incidents of trip and falls; prior complaints made to guest services throughout its fleet; prior inspection, maintenance and/or testing of the floor surface.

19.     **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.** Additional evidence that the Defendant had notice of the dangerous condition here is shown by the length of time that the condition existed. The Defendant's lounge which included walkways with low, hidden steps were installed when the ship was built.  These walkways with these hidden steps can be used multiple times a day, a week, and hundreds if not thousands of times per year. The Defendant also approved the walkways designated for passenger use which include the low,

obscured step within its walkway.  Therefore, the Defendant inspected, chose and/or otherwise approved the manner in which these areas are built, repaired, replaced and/or otherwise constructed.  The Defendant therefore had the right and opportunity to change, repair, modify and/or otherwise eliminate the dangerous condition which caused this incident long before it happened.  However, the Defendant chose not to do so.

20.    **NOTICE: TRAINING AND PROCEDURES AND TRAININGS.**  Additional evidence that the Defendant had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area. The Defendant provides and trains crew members tasked with inspection, cleaning and/or maintenance of its common walkway areas, and to warn passengers that its walkways may be hidden steps and/or have a sudden change of incline and height. The Defendant's training programs are written within the company's training manuals (SMS Protocols) as well as in two-minute trainers, videos and presentations.  These materials are generated, prepared, reviewed and/or otherwise controlled by the Defendant.  The Defendant specifically trains crew members to paint, mark, place written warning signs, markers, items to illuminate dark areas to draw attention to hidden steps in dark conditions such as glow tape, light strips and/or other devices; verbal warnings and/or other indicators to warn passengers of its steps in walkways. The Defendant's training and procedures instruct crew members that its walkways, including walkway areas that can be have sudden changes in elevation which can cause passengers to slip and/or trip and fall and stumble and/or lose balance and fall and get injured. The Defendant's created this procedure for its crew because the Defendant know that without verbal, written and/or visual warnings or cues passengers may not be able to appreciate the irregularities of its common walkways.  The Defendant also know that the irregularities, such as uniformally colored or dark areas with steps within its walkway, are not open and obvious to its passengers.

This shows that the Defendant knew or should have known its step that blended into the walkway are not an open and obvious condition.

21.     **NOTICE: VIOLATION OF INDUSTRY STANDARDS.** The Defendant, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, underline subpart 1.1 "safe escape routes shall be provided."); underline subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") the Defendant's walkways, including steps within walkways are escape routes that the Defendant must maintain in a safe, clear and traversable condition. Upon information and belief, the Defendant, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. See, *e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

22.     **NOTICE: CAUTION SIGNS.** Additional evidence that the Defendant had notice of the dangerous condition here is shown by the fact that the Defendant had signs in other areas of the ship identifying potential tripping hazards, changes in floor level and/or steps within walkways, but *not* in the area or vicinity of the Emporium Lounge or step within the lounge which caused the Plaintiff to trip and fall.

23.     **NOTICE: ON-GOING, REPETITIVE PROBLEM.**  Additional evidence that the Defendant had notice of the dangerous condition here is shown by the fact that the dangerous condition as it is an on-going repetitive problem.

## COUNT I
## NEGLIGENT FAILURE TO MAINTAIN
### (Direct Liability for Negligence Under General Maritime Law)

24.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23 above.

25.     This is an action against the Defendant for failure to maintain its public walkways including those with sudden steps within the walkway in a reasonably safe condition onboard the *Margaritaville at Sea Paradise* on July 28, 2024.

26.     **DUTIES OWED BY THE DEFENDANT**. The Defendant owes a duty to exercise reasonable care for the safety of its passengers including the Plaintiff. The Defendant owes a duty as a common carrier to its passengers to maintain all areas of its ship. The Defendant's duty of care includes maintaining public area walkways in a reasonably safe condition.  This includes but is not limited to The Defendant's public area walkways with sudden changes in level/height and/or steps which includes the subject area where Mrs. Dowdy tripped and fell on July 28, 2024 when she was a passenger onboard the *Margaritaville at Sea Paradise*.

27.     The Defendant either had actual notice and/or had constructive notice of the dangerous condition as alleged in **paragraphs 20-25** above and incorporated herein.

28.     **THE DEFENDANT BREACHED THEIR DUTY**. The Defendant breached its duty to maintain the walkway with the low, hidden step onboard the *Margaritaville at Sea Paradise* on July 28, 2024 in a safe manner.  The Defendant breached its duties to Mrs. Dowdy by its actions and conduct.  The Defendant failed to maintain and inspect the area where Mrs. Dowdy tripped and fell. The Defendant failed to inspect the walkway with the low, hidden step with sufficient regularity.  Additionally, the Defendant allowed the subject walkway to remain with a sudden, hidden change of height/step for an extended period of time.  The Defendant did not repair, even out or level the

walkway. The Defendant also failed to comply with applicable industry standards, statutes, and/or regulations.

29.     **PROXIMATE CAUSE**. The Defendant's failure to inspect and maintain the subject walkway free of tripping hazards onboard the *Margaritaville at Sea Paradise* in a safe manner, proximately caused Mrs. Dowdy's injuries. The Defendant's negligent inspection and maintenance allowed for the subject walkway to contain a low, hidden step for an extended period of time. Had the Defendant properly maintained and inspected the walkway area with the low, hidden step onboard the *Margaritaville at Sea Paradise*, Mrs. Dowdy would have never tripped, fallen and been injured on the *Margaritaville at Sea Paradise* on July 28, 2024.

30.     **DAMAGES.**  As a result of the Defendant's negligent maintenance the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 17-19** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT II**
**ACTIVE NEGLIGENCE OF THE DEFENDANT'S CREW MEMBERS**
**NEGLIGENT FAILURE TO MAINTAIN**

**(Vicarious Liability for Negligence**
***Respondeat Superior* Under General Maritime Law)**

31.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23 above.

32.     This is an action against the Defendant for vicarious liability for the active negligence of its employees for their failure to properly inspect and maintain the subject area in a safe manner, including Plaintiff, for the dangerous condition.

33.     **DUTIES OWED TO PLAINTIFF.**   At all times material herein, the crew aboard the *Margaritaville at Sea Paradise* were the employees of the Defendant.   The Defendant are therefore vicariously liable for the active negligence of their crew for their negligent failure to maintain the ship's walkways including the walkway with the low, hidden step onboard the *Margaritaville at Sea Paradise* in a safe manner.   The Defendant's crew owe passengers a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships.   This duty of care includes maintaining the ship's public walkways including walkways with the low, hidden steps onboard the *Margaritaville at Sea Paradise* in a safe manner including the area where the Plaintiff tripped and fell on July 28, 2024.

34.     At all times material hereto, the vessel's crew assigned to inspect and maintain the ship's public walkways including walkways with the low, hidden steps in a reasonably safe manner were subject to the control and/or right to control by the Defendant.   The Defendant operated, controlled and/or maintained the ship's public walkways including walkways including walkways with the low, hidden steps as well as its shipboard housekeeping department, hotel department and safety and security department.   The Defendant was responsible for among other things and without limitation overseeing the operations of the ship's public walkways including walkways including walkways with the low, hidden steps including the inspection and maintenance of its walkways; overseeing the operations of the shipboard housekeeping department including those crew assigned to inspect and maintain ship's public walkways including those with sudden changes of height

and/or low, hidden steps within walkways, purchasing and maintaining the equipment and materials used to inspect and maintain floors including walkways including walkways with the low, hidden steps; training, evaluating, and coaching crew assigned to inspect and maintain the walkways; and establishing rules, protocols and schedules of crew assigned to inspect and maintain its shipboard floors in reasonably safe condition to prevent trip and falls.

35.     The *Margaritaville at Sea Paradise*'s shipboard housekeeping, hotel and safety and security supervisors assigned, instructed, directed and/or otherwise advised the crew members assigned to inspect and maintain the public walkways that they should inspect and maintain these areas in a reasonably safe condition to prevent trip and falls.  These supervisors designate crew who are commonly known as housekeeping stewards to perform these tasks. The Defendant's shipboard housekeeping and/or hotel supervisors create shift schedules and section assignments that designate stewards to specific areas of the ship which include interior public walkways.  The Defendant's shipboard housekeeping stewards are then responsible for inspecting and maintaining all walkways within their designated section assignments which can include the area where the plaintiff ultimately tripped and fell.  Additionally employs crew who are tasked with fulfilling work orders and/or repairs. These crew are notified by crew who work in the public areas including interior areas like the Emporium Lounge and/or features which need inspection, repairs and/or modifications.  These crew (and their supervisors) were also responsible for the inspection and maintenance of the area where the plaintiff ultimately tripped and fell.  The crew members who were responsible for the inspection and maintenance of walkways with the low, hidden steps actively failed to do so.

36.     The crew assigned to the section which included the walkway with the low, hidden step where the Plaintiff fell are responsible for being aware of their surroundings, inspecting and maintaining all floors in a reasonably safe condition to prevent trip and falls in compliance with the Defendant's maintenance program as alleged in **paragraph 22**.  On the day of the incident the

Defendant's crew failed inspect and/or maintain the walkway where Mrs. Dowdy fell.  The Defendant by and through its crew therefore failed to reasonably inspect and maintain the low, hidden step within the walkway in a reasonably safe manner to prevent trip and falls.

37.     **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.**  The Defendant is vicariously liable for negligent acts of its employees.  A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021).  In this case the Defendant's crew members' negligent acts caused the Plaintiff to trip and fall.  Specifically, the Defendant's crew assigned to the area where the Plaintiff fell failed to reasonably inspect and maintain the walkway with the low, hidden step in a reasonably safe condition. Additionally, The Defendant's crew assigned to the area failed to maintained the low, hidden step within the walkway with lights, markings, and/or other visual cues which would have maintained the area in a condition in which guests would readily see and appreciate the sudden change within the walkway.  The Defendant's crew failed to inspect, maintain, warn and/or otherwise prevent the Plaintiff from walking on the low, hidden step within the walkway which caused Mrs. Dowdy to trip and fall.  Despite, not being required to establish that the shipowner, the Defendant, had actual or constructive notice for the negligent acts of its employees, the Plaintiff nevertheless establishes that the Defendant had actual or constructive notice within **paragraphs 20-25** adopted herein.

38.     **BREACHED DUTIES.**   The Defendant's crew breached their duty to maintain the walkway in a safe manner where Mrs. Dowdy tripped and fell. Specifically, the Defendant's crew members failed to inspect and maintain the walkway where Mrs. Dowdy fell in a reasonably safe condition. Instead, the Defendant's crew allowed a hidden step to remain in the walkway, crew failed to inspect or maintain any visual cues to enable passengers to visualize or become aware of

the hidden step within the walkway, failed to maintain the area with lights, marking and/or other visual cues which guests could readily see/appreciate the sudden change within the walkway and/or otherwise failed to maintain the area free from tripping hazards or to prevent the development of a tripping hazard. The Defendant's crew allowed this to happen despite knowing that the area where Mrs. Dowdy tripped and fell was known to suffer from trip and falls and contained a tripping hazard known to blend into the floor.  The Defendant's crew failed to comply with applicable industry standards, statutes, and/or regulations with regard to inspection and maintenance of its walkways including this escape route.

39.   **PROXIMATE CAUSE.**   The crew's failure to maintain the walkway which contained a hidden step onboard the *Margaritaville at Sea Paradise* in a safe manner on July 28, 2024, proximately caused Mrs. Dowdy's injuries. The Defendant's crew's negligent maintenance caused a hidden step within the walkway to remain within the walkway for an extended period of time. The hidden step within the walkway was unreasonably and unexpectedly dangerous and a known and well understood potential tripping hazard. Had the Defendant's crew inspected and maintained the floor in the subject area onboard the *Margaritaville at Sea Paradise* in a reasonably safe manner, Mrs. Dowdy would have never tripped and fallen on the hidden step within the walkway onboard the *Margaritaville at Sea Paradise* on July 28, 2024.

40.   **DAMAGES.**   As a result of the Defendant's crew's negligent maintenance the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 17-19** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment,

scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**NEGLIGENT FAILURE TO WARN**
**(Direct Liability for Negligence Under General Maritime Law)**

41.      The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23 above.

42.      This is an action against the Defendant for failure to warn passengers, including Mrs. Dowdy of its hazards, risks or dangers onboard the *Margaritaville at Sea Paradise*.

43.      **DUTIES OWED BY THE DEFENDANT**. The Defendant owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. The Defendant owes a duty of reasonable care under the circumstances. The Defendant's duty of care includes warning of dangerous conditions on board the *Margaritaville at Sea Paradise,* including walkways with the low, hidden steps on July 28, 2024 including the area where Mrs. Dowdy tripped and fell.

44.      The Defendant had actual notice and/or constructive notice of the dangerous condition as alleged in **paragraphs 20-25** above and incorporated herein.

45.      **THE DEFENDANT BREACHED ITS DUTY**: The Defendant breached its duty to warn Mrs. Dowdy of the dangerous conditions onboard the *Margaritaville at Sea Paradise*. The Defendant breached its duties to the Plaintiff by its actions and conduct.  The Defendant failed to cordon off the hidden step within the walkway in which Mrs. Dowdy was using sit at a table within the lounge or place physical barriers on the floor or otherwise to prevent access to the hidden, low

17

step. The Defendant failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the walkway area where Mrs. Dowdy tripped and fell on July 28, 2024.  The Defendant failed to make audible announcements that the walkway was hidden, low step and dangerous. The Defendant also failed to comply with applicable industry standards, statutes, and/or regulations to warn passengers including Mrs. Dowdy of the tripping hazard hidden within the walkway on July 28, 2024.

46.    **PROXIMATE CAUSE**. The Defendant's failure to reasonably warn Mrs.  Dowdy of the dangerous conditions on board the *Margaritaville at Sea Paradise,* including the low, hidden step where Mrs. Dowdy tripped and fell on July 28, 2024, proximately caused the Plaintiff's injuries. Had the Defendant reasonably warned Mrs. Dowdy of these dangerous conditions, Mrs. Mrs. Dowdy would have been aware of the dangerous conditions and never would have tripped and fallen on the subject low, hidden step within the walkway and been injured on board the *Margaritaville at Sea Paradise* on July 28, 2024.

47.    **DAMAGES.** As a result of the Defendant's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 17-19** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT FAILURE TO WARN

**(Vicarious Liability for Negligence**
***Respondeat Superior* Under General Maritime Law)**

48.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23 above.

49.     This is an action against the Defendant for its vicarious liability for the active negligence of its employees for their failure to warn passengers, including Mrs. Dowdy, of its hazards, risks or dangers onboard the *Margaritaville at Sea Paradise* on July 28, 2024.

50.     **DUTIES OWED**. At all times material herein, the crew aboard the *Margaritaville at Sea Paradise* were the employees of the Defendant.  The Defendant is therefore vicariously liable for the active negligence of its crew for their negligent failure to warn passengers of known dangers in places where the passengers are invited or may reasonably be expected to visit.  The Defendant therefore owes a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships.  The Defendant's crew have a duty of care which includes warning passengers of dangerous conditions onboard the *Margaritaville at Sea Paradise* including the hidden, low step within the walkway where Mrs. Dowdy tripped and fell.  The Defendant's crew owed passengers including Mrs. Dowdy the duty to warn of dangerous conditions including potential tripping hazards such as the low, hidden step within the walkway where Mrs. Dowdy tripped and fell on July 28, 2024.

51.     At all times material hereto, the vessel's crew assigned to warn guests of potential hazards including tripping hazards which included the area of the subject incident were subject to the control and/or right to control by the Defendant.  The Defendant operated, controlled and/or maintained the area of the subject incident as well as its shipboard departments and crew responsible for warning guests of hazards including tripping hazards such as the subject hidden, low step within

the walkway.   The Defendant was responsible for among other things and without limitation overseeing the operations of the its shipboard public walkway areas including the provision of warnings and/or visual cues to alert and/or otherwise warn guests of potential tripping hazards in its walkways; overseeing the operations of the shipboard housekeeping departments including those crew assigned and/or otherwise responsible for providing guests with warnings of potential tripping hazards onboard the Defendant's ships which included the subject area; selecting, purchasing and maintaining visual cues, warning signs and/or other materials to warn guests of tripping hazards; training, evaluating, and coaching crew assigned to warn guests of potential tripping hazards; and establishing rules and protocols for crew to identify, understand, appreciate potential tripping hazards and how to prevent trip and falls on tripping hazards.

52.     The *Margaritaville at Sea Paradise* shipboard supervisors assigned, instructed, directed and/or otherwise advised the crew members assigned to provide warnings of potential tripping hazards in common area walkways to prevent trip and falls.   The crew that the shipboard supervisors oversee, manage and/or otherwise responsible for are lower level crew members. The Defendant's shipboard supervisors create shift schedules and section assignments that designate crew to specific areas of the ship which include the subject common walkway.  The Defendant's shipboard crew assigned to these areas are responsible for identifying, understanding and appreciating potential tripping hazards within their areas as well as areas that are not assigned to them.  Additionally employs crew who are tasked with fulfilling work orders and/or repairs.  These crew are notified by crew who work in the public areas including the open decks of areas and/or features which need perform repairs and/or modifications.   These crew (and their supervisors) were also responsible for providing warnings for tripping hazards by adding visual cues, markers, signs, paint and/or coat the area to make low, hidden steps within walkways readily apparent to guests to prevent trip and falls.   These crew are responsible for providing guests with warnings and/or visual cues to alert guests of potential safety

hazards including potential tripping hazards.  The crew members who were responsible for providing guests with warnings and/or visual cues to alert guests of potential tripping hazards including the low, hidden step where the Plaintiff tripped actively failed to do so.

53.     The crew assigned to the area which included the common walkway with the hidden, low step within the walkway which caused the Plaintiff to trip and fall are responsible for being aware of their surroundings in order to identify potential tripping hazards, provide warnings or visual cues to guests and to otherwise work to prevent trip and falls in compliance with the Defendant's safety programs as alleged in **paragraph 22**.  On the day of the incident the Defendant's crew failed to provide warnings and/or visual cues to alert guests including the Plaintiff of the low, hidden step within the walkway where the Plaintiff fell.  The Defendant by and through its crew therefore failed to reasonably warn guests in a reasonably manner to prevent trip and falls.

54.     **<u>NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.</u>**  The Defendant is vicariously liable for negligent acts of its employees.  A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021).  In this case the Defendant's crew members' negligent acts caused the Plaintiff to trip and fall.  Specifically, the Defendant's crew assigned to the area where the Plaintiff fell failed to place any sign to mark the alert guests of the tripping hazard, block off the area to prevent guests including the Plaintiff from walking on the tripping hazard without any warning and/or failed to provide verbal warnings to warn guests including the Plaintiff of the hidden, low step within the walkway.  The Defendant's crew failed to warn and/or alert guests including the Plaintiff of the tripping hazard within the subject walkway caused the Plaintiff to trip and fall. Despite, not being required to establish that the shipowner, the Defendant, had actual or

constructive notice for the negligent acts of its employees, the Plaintiff nevertheless establishes that the Defendant had actual or constructive notice within **paragraphs 20-25** adopted herein

55.    **BREACHED DUTY**: The Defendant's crew breached their duty to warn the Plaintiff of the dangerous conditions on board the *Margaritaville at Sea Paradise*, including where Mrs. Dowdy tripped and fell on July 28, 2024.  The Defendant's crew breached their duties to the Plaintiff by its actions and conduct.  The Defendant's crew failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the subject area where Mrs. Dowdy tripped and fell on July 28, 2024.  The Defendant's crew failed to cordon off the low hidden step within the walkway where Mrs. Dowdy fell or place physical barriers in the walkway or otherwise to prevent access to the low, hidden step within the walkway where Mrs. Dowdy fell. The Defendant's crew failed to reasonably and regularly make audible announcements to alert passengers of the presence of the potential tripping hazards such as the low, hidden step within the walkway. The Defendant's crew also failed to comply with applicable industry standards, statutes, and/or regulations with regard to warning guests of a known hazard in a walkway which is an escape route.

56.    **PROXIMATE CAUSE**. The crew's failure to reasonably warn Mrs. Dowdy of the dangerous conditions on board the *Margaritaville at Sea Paradise*, including the low, hidden step within the walkway where Mrs. Dowdy tripped and fell on July 28, 2024, proximately caused the Plaintiff's injuries. Had the Defendant's crew reasonably warned Mrs. Dowdy of the dangerous condition, Mrs. Dowdy would have been aware of the dangerous condition and never would have walked onto the low, hidden step within the walkway and/or been able to reasonably navigate the hazard had it been brought to her attention.  Mrs. Dowdy therefore would have never tripped, fallen and been injured on board the *Margaritaville at Sea Paradise* on July 28, 2024.

57.    **DAMAGES.** As a result of the Defendant's crew's negligent failure to warn the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 17-19** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT TRAINING OF PERSONNEL

### (Direct Liability for Negligence Under General Maritime Law)

58.    The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 23 above.

59.    This is an action against the Defendant for their negligent training of shipboard crew members.

60.    **DUTIES OWED BY THE DEFENDANT.** The Defendant owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty of reasonable care under the circumstances. The Defendant owes a duty as a common carrier to its passengers to train its crew members to reasonably inspect and maintain its common walkways, including steps within walkways, and warn of dangers known to the Defendant where the Defendant invites or reasonably expects passengers to go.

61.     At all times material hereto, the Defendant operated and controlled the walkway with the hidden low step.  The Defendant was responsible for, among other things and without limitation, the crew assigned to inspect and maintain the subject area.  This operational responsibility included but was not limited to training crew how to warn guests of dangerous conditions and prevent passengers from tripping, falling and/or getting injured.

62.     The Defendant created training programs specifically addressing the inspection and maintenance of its common walkways/ramps, warning guests of dangers (including low, hidden steps within walkways and improperly trained employees).  These trainings include programs that are specifically applicable to the inspection, maintenance, provision of warnings to guests regarding hazards and fall prevention in the common walkway areas. These programs are more thoroughly alleged and incorporated herein in **paragraph 22**.

63.     The Defendant should have become aware and could have easily discovered that it had failed to properly train its crew member given that the crew member(s) failed to inspect and maintain the subject area, failed to provide the Plaintiff warnings about the dangerous condition and/or otherwise failed to implement or operate the Defendant's training programs designed to prevent falls and injuries, provide warnings and maintain walkways in a reasonably safe condition.

64.     The Defendant should have become aware and could have easily discovered that it had failed to properly train its crew members given that the crew member(s) failed to properly warn passengers of the dangerous conditions on board the *Margaritaville at Sea Paradise* including where Mrs. Dowdy was injured on July 28, 2024.

65.     The Defendant either had actual notice and/or had constructive notice of the dangerous condition as alleged in **paragraphs 20-25** above and incorporated herein.

66.     **THE DEFENDANT BREACHED ITS DUTIES.** The Defendant breached its duty of care owed to Mrs. Dowdy and was negligent by failing to reasonably train its crew members

to inspect and maintain its walkway, to warn passengers of the dangerous conditions on board the *Margaritaville at Sea Paradise* including the subject area where Mrs. Dowdy tripped and fell on July 28, 2024. The Defendant failed to reasonably implement or operate its training programs including but not limited to the following ways:

    a.  failing to teach shipboard crew how to inspect and maintain walkways used by guests to get to and from one deck to another and/or walkways containing low, hidden steps;

    b.  failing to teach shipboard crew how frequently to inspect and maintain the stairways and walkways used by guests to get to and from one deck to another and/or walkways containing low, hidden steps;

    c.  failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand how to inspect and maintain stairways and walkways used by guests to get to and from one deck to another and/or walkways containing low, hidden steps in safe condition;

    d.  failing to teach shipboard crew to warn passengers of low, hidden steps within walkways and the dangerousness of low, hidden steps within walkways;

    e.  failing to teach shipboard crew how to warn guests about low, hidden steps within walkways and the dangerousness of low, hidden steps within walkways;

    f.  failing to teach shipboard crew how to reasonably mark, cordon off and/or provide visual cues to alert guests that walkways used by guests may have low, hidden steps;

g. failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand the Defendant's trip and fall prevention program;

h. failing to teach shipboard crew how frequently crew should be trained to ensure they understand, remember and retain information from training programs regarding trip and fall prevention;

i. failing to teach shipboard crew to comply with industry standards regarding how to train its crew members to inspect and maintain low, hidden steps within walkways and the dangerousness of low, hidden steps within walkways;

j. failing to teach shipboard crew to assign sufficient crew to implement and operate its inspection, maintenance, warning and/or fall prevention programs.

67.     In doing so, the Defendant failed to reasonably implement or operate its training programs described in **paragraph 22** and incorporated herein.

68.     At the time Mrs. Dowdy tripped and fell on the step within walkway, the crew that were responsible for warning, maintaining, and inspecting that area failed to do so.  Because those crew members were not properly trained, those crew members failed to reasonably inspect, maintain, operate and/or otherwise warn passengers, like Mrs. Dowdy, of the dangerous conditions on board the *Margaritaville at Sea Paradise* including the subject area where Mrs. Dowdy tripped and fell on July 28, 2024.

69.     **PROXIMATE CAUSE.** The Defendant's failure to reasonably train its crew to implement or operate its training procedures proximately caused Mrs. Dowdy's injuries. Had the Defendant reasonably implemented or operated its training programs onboard its ships including the *Margaritaville at Sea Paradise* on July 28, 2024, the crew members would have inspected,

maintained, operated and/or otherwise warned Mrs. Dowdy about the dangerous condition.  If the Defendant had reasonably implemented or operated its training programs, these dangerous conditions would not have existed. If the Defendant reasonably trained its crew members, Mrs. Dowdy would have been aware of the dangerous conditions.  Mrs. Dowdy therefore would never have tripped and fallen on the subject incident area on July 28, 2024.

70.     **DAMAGES**. As a result of the Defendant's negligent training the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 17-19** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT TRAINING OF PERSONNEL

**(Vicarious Liability for Negligence**
***Respondeat Superior* Under General Maritime Law)**

71.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23 above.

72.     This is an action against the Defendant for its vicarious liability for the active negligence of its employees for negligent training of shipboard crew members onboard the *Margaritaville at Sea Paradise*.

73.     **<u>DUTIES OWED</u>**. At all times material herein, the crew aboard the *Margaritaville at Sea Paradise* were the employees of the Defendant.  The Defendant therefore owes a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships.  The Defendant is therefore vicariously liable for the active negligence of its crew for their negligent failure to train its crew members to reasonably inspect and maintain its common walkways, including areas with low, hidden steps in walkways, to warn of dangers known to the Defendant where the Defendant invites or reasonably expects passengers to go and otherwise implement or operate the Defendant's trip and fall prevention procedures.

74.     At all times material hereto, the vessel's crew assigned to train its crew members to reasonably inspect and maintain its common walkways and warn of dangers known to the Defendant where the Defendant invites or reasonably expect to go were subject to the control and/or right to control by the Defendant.  The Defendant operated, controlled and/or maintained its training programs used to train its shipboard crew.  The Defendant was responsible for among other things and without limitation overseeing the operations of the Defendant's shipboard training programs; overseeing the crew assigned to train crew which included training on how to inspect and maintain common shipboard walkways and to warn of dangers known to the Defendant to prevent trip and falls; training, evaluating, and coaching crew assigned to train crew to inspect and maintain walkways, identify and/or otherwise appreciate potential tripping hazards, warn passengers of known dangers and on its procedures to prevent trip and falls; and establishing rules, protocols and schedules of crew assigned to train and be trained onboard the Defendant's ships to inspect and maintain walkways, warn guests of hazards and company procedures to prevent trip and falls.

75.     The Defendant designate personnel both shoreside and onboard its ships to train crew on company inspection, maintenance, safety and trip and fall prevention procedures.  These procedures are more thoroughly alleged and incorporated herein in **paragraph 22**.  The Defendant

created a system a pyramid structure whereby shipboard supervisors train their subordinates (crew who report to these supervisors and who supervisors are ultimately responsible). The Defendant personnel designated to train the Defendant's shipboard supervisors include but are not limited to the Defendant's personnel from within the company's safety and security department, housekeeping department and/or hotel department. The Defendant's training includes how shipboard supervisors are expected to manage their teams which includes training subordinate crew. Once trained the supervising crew are supposed to train shipboard crew on the Defendant's procedures. These procedures include trip and fall prevention, safety, inspection and maintenance of walkways and warning guests of known hazards including those which could cause a person to trip and fall. Shipboard crew from all departments are trained in shipboard safety, trip and fall prevention, identification of potential tripping hazards, and provision of warnings to guests of potential tripping hazards. However, crew from the Defendant's housekeeping and hotel departments are trained on inspecting and maintaining public walkways in a reasonably safe manner. Ultimately the Defendant's crew and personnel train shipboard crew on company training programs including those which specifically address the inspection and maintenance of its common walkways/ramps, warning guests of dangers (including low, hidden steps within walkways and improperly trained employees).

76.     The Defendant's shipboard personnel should have been aware and/or could have easily discovered that they had failed to reasonably train its crew given that (1) the crew member(s) failed to inspect and maintain the subject area, (2) crew failed to provide guests including the Plaintiff warnings about the dangerous condition and/or (3) crew otherwise failed to implement or operate the Defendant's training programs designed to prevent falls and injuries, provide warnings and maintain walkways in a reasonably safe condition.

77.     **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.** The Defendant is vicariously liable for negligent acts of its employees. A passenger is not required to

establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021).  In this case the Defendant's crew members' negligent acts caused the Plaintiff to trip and fall.  Specifically, the Defendant's crew assigned to the area where the Plaintiff tripped and fell failed to reasonably inspect and maintain the walkway where the Plaintiff tripped and fell in a reasonably safe condition. Additionally, the Defendant's crew assigned to the area failed to provide any warnings or visual cues of the tripping hazard and/or failed to provide verbal warnings to warn guests including the Plaintiff of the low, hidden step within the walkway.  The Defendant's crew failed to train its crew to inspect and maintain its walkway, to warn passengers of the dangerous conditions on board the *Margaritaville at Sea Paradise* including the subject area where Mrs. Dowdy tripped and fell on July 28, 2024.  Despite, not being required to establish that the shipowner, the Defendant, had actual or constructive notice for the negligent acts of its employees, the Plaintiff nevertheless establishes that the Defendant had actual or constructive notice within **paragraphs 20-25** adopted herein

78.    **BREACHED DUTY**: The Defendant's crew breached their duty of care owed to Mrs.Dowdy and was negligent by failing to reasonably train shipboard supervisors and subordinate crew assigned to and/or otherwise responsible for the subject area to inspect and maintain its walkway, to warn passengers of the dangerous conditions on board the *Margaritaville at Sea Paradise* including the subject area where Mrs. Dowdy tripped and fell on July 28, 2024. The Defendant's crew failed to reasonably implement or operate the Defendant's training programs including but not limited to the following ways:

a.  failing to teach shipboard crew how to inspect and maintain walkways used by guests to get to and from one deck to another and/or walkways containing low, hidden steps;

b. failing to teach shipboard crew how frequently to inspect and maintain the stairways and walkways used by guests to get to and from one deck to another and/or walkways containing low, hidden steps;

c. failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand how to inspect and maintain stairways and walkways used by guests to get to and from one deck to another and/or walkways containing low, hidden steps in safe condition;

d. failing to teach shipboard crew to warn passengers of low, hidden steps within walkways and the dangerousness of low, hidden steps within walkways;

e. failing to teach shipboard crew how to warn guests about low, hidden steps within walkways and the dangerousness of low, hidden steps within walkways;

f. failing to teach shipboard crew how to reasonably mark, cordon off and/or provide visual cues to alert guests that walkways used by guests may have low, hidden steps;

g. failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand the Defendant's trip and fall prevention program;

h. failing to teach shipboard crew how frequently crew should be trained to ensure they understand, remember and retain information from training programs regarding trip and fall prevention;

i. failing to teach shipboard crew to comply with industry standards regarding how to train its crew members to inspect and maintain low, hidden steps within walkways and the dangerousness of low, hidden steps within walkways;

j. failing to teach shipboard crew to assign sufficient crew to implement and operate its inspection, maintenance, warning and/or fall prevention programs.

79.     In doing so, the Defendant's crew failed to reasonably implement or operate the Defendant's training programs described in **paragraph 22** and incorporated herein.

80.     At the time Mrs. Dowdy tripped and fell on the low, hidden step within the walkway, the crew responsible for warning, maintaining, and inspecting that area failed to do so. Because the Defendant's crew/personnel responsible for training shipboard crew members were not properly trained, the crew members failed to reasonably inspect, maintain, operate and/or otherwise warn passengers, like Mrs. Dowdy, of the dangerous conditions on board the *Margaritaville at Sea Paradise* including the subject area where Mrs. Dowdy tripped and fell on July 28, 2024.

81.     **PROXIMATE CAUSE**. The crew's failure to reasonably train its crew to implement or operate its training procedures proximately caused Mrs. Dowdy's injuries. Had the Defendant's crew reasonably implemented or operated its training programs onboard its ships including the *Margaritaville at Sea Paradise* on July 28, 2024, the crew members would have inspected, maintained, operated and/or otherwise warned Mrs. Dowdy about the dangerous condition. If the Defendant's crew had reasonably implemented or operated its training programs, these dangerous conditions would not have existed. If the Defendant's crew reasonably trained its crew members, Mrs. Dowdy would have been aware of the dangerous conditions.  Mrs. Dowdy therefore would never have tripped and fallen on the subject incident area on July 28, 2024.

82.     **DAMAGES.** As a result of the Defendant's crew's negligent failure to train the Plaintiff has and will suffer damages in the past and in the future as described in **paragraphs 17-19** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future;

damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT VII**
**NEGLIGENT DESIGN, CONSTRUCTION**
**AND SELECTION OF MATERIALS**

**(Direct Liability for Negligence Under General Maritime Law)**

83.     The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 23 above.

84.     This is an action against the Defendant for its negligent design, construction and selection of the subject area.

85.     **DUTIES OWED BY THE DEFENDANT.**   The Defendant owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty of reasonable care under the circumstances. The Defendant's duty to design, construct and select materials for all areas and features of its vessels, including the subject area, is part of the Defendant's duty of reasonable care under the circumstances.   The Defendant had a duty to design the subject area including the walkways and stairways in a reasonably safe manner and in accordance with industry standards.

86.     The Defendant custom designed and custom built the *Margaritaville at Sea Paradise* to the Defendants' specifications. The Defendant participated in and/or approved of the design of the subject area including the low, hidden step within the walkway. The Defendant participated in and/or approved of the selection of the materials for the subject area including the subject walkway and the low, hidden step contained therein. The Defendant participated in and/or

approved of the installation of the materials for the subject area including the low, hidden step within the walkway. The Defendant chose to install this same and/or similar walkway with low, hidden steps throughout the ships and throughout their fleet.  The Defendant continues to repair, modify and/or install the same and/or similar low, hidden steps within walkways on all its ships, including the *Margaritaville at Sea Paradise*.  At all times the Defendant had the ultimate control over the design and construction of the *Margaritaville at Sea Paradise*.  The Defendant had the right to inspect both the designs on paper and the design and construction at the yard. The Defendant had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *Margaritaville at Sea Paradise* and all other ships within the fleet including the same and/or similar walkways that contain low, hidden steps.  The Defendant had the right to reject any and all items, designs and construction.  The Defendant holds the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved.  The Defendant approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that the Defendant has operated and maintained the ship continuously since they took possession of the vessel and/or ordered/built the vessel.

87.    The Defendant either had actual notice and/or had constructive notice of the dangerous condition as alleged in **paragraphs 20-25** above and incorporated herein.

88.    The Defendant knew or should have known that the subject area including the low, hidden step within the walkway it chose and installed on the *Margaritaville at Sea Paradise* was unreasonably dangerous.

89.    The Defendant knew or should have known of the dangerousness of the subject area including the subject walkway and/or stairway since their installation.

90.   **THE DEFENDANT BREACHED ITS DUTIES.**   The Defendant breached its duties of care owed to Mrs. Dowdy and was negligent by approving, designing, constructing, and/or selecting the subject area including the subject low, hidden step within the walkway on board the *Margaritaville at Sea Paradise* where the subject incident occurred. The Defendant failed to design, construct, select, approve and/or select materials that complied with industry standards. The design and/or materials the Defendant chose, selected, approved of, and installed for the subject area on board the *Margaritaville at Sea Paradise* were unreasonably dangerous.

91.   **PROXIMATE CAUSE.** The Defendant's negligent design, construction, and selection of materials for the subject area on board the *Margaritaville at Sea Paradise* proximately caused Mrs. Dowdy's injuries.  Had the Defendant properly designed, constructed and selected the subject area on board the *Margaritaville at Sea Paradise,* Mrs. Dowdy would have never tripped, fallen and sustained injuries as a direct result of the fall on July 28, 2024.

92.   **DAMAGES.** As a result of the Defendant's negligent design, construction and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described in **paragraph 17-19** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VIII
## NEGLIGENT DESIGN, CONSTRUCTION
## AND SELECTION OF MATERIALS

**(Vicarious Liability for Negligence**
***Respondeat Superior* Under General Maritime Law)**

93.     The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 23 above.

94.     This is an action against the Defendant for its vicarious liability for the active negligence of its employees for their negligent design, construction and selection of the subject area.

95.     **DUTIES OWED.**  At all times material herein, the crew aboard the *Margaritaville at Sea Paradise* were the employees of the Defendant.  The Defendant is therefore vicariously liable for the active negligence of its crew for their negligent design, construction and selection of the subject area.  The Defendant therefore owes a duty to exercise reasonable care for the safety of its passengers by and through its employees. The Defendant's crew have a duty of care which includes to design, construct and select materials for all areas and features of its vessels, including the subject areas, as part of their duty of reasonable care under the circumstances.  The Defendant's crew had a duty to design the subject area including shipboard common area walkways in a reasonably safe manner and in accordance with industry standards.

96.     At all times material hereto, the Defendant's employees assigned to design, construct and/or select materials for the Defendant's ships were subject to the control and/or right to control by the Defendant.  The Defendant operated, controlled and/or maintained departments of employees who are designated and/or responsible for the design, construction and/or selection materials of the Defendant's ships.  Similarly the Defendant operated, controlled and/or maintained departments of employees who are responsible for repairs, redesign, upgrades, updates and/or modifications of areas onboard the Defendant's ships.  The Defendant was responsible for among other things and without limitation overseeing the operations of its employees who design construct and/or select materials for

the Defendant's ships and/or responsible for repairs, redesign, upgrades, updates and/or modifications of areas onboard the Defendant's ships; selecting, purchasing and maintaining designs, construction and/or selection of materials for its ships; training, evaluating, managing and coaching employees responsible for the design, construction and/or selection of materials for its ships; and establishing rules, protocols and/or procedures for employees responsible for the design, construction, selection of materials, repairs, redesign, upgrades, updates and/or modifications of the Defendant's ships.

97.     Upon information and belief and at all times material hereto the Defendant employs, operates and/or otherwise controls departments which are designated and/or otherwise assigned to design, construct, select materials of ships as well as repairs, redesign, upgrades, updates and/or modifications to existing ships.  Upon information and belief and at all times material hereto these departments include but may not be limited to the New Build Department and Refurbishment Departments.  The Defendant's departments including the New Build and Refurbishment departments plan, organize, operate and/or control the design, construction, selection of materials, repairs, redesign, upgrades, updates and/or modifications to the Defendant's ships.  These employees create, review and/or approve all designs, construction, selection of materials, repairs, redesign, upgrades, updates and/or modifications to the Defendant's ships.  To do so these employees work individually and in teams, undergo regular and continuous meetings amongst the responsible departments as well as the Defendant's employees who work onboard and/or visit the Defendant's ships.

98.     The Defendant's employees custom designed and custom built the *Margaritaville at Sea Paradise* to their specifications. The Defendant's employees participated in and/or approved of the design of the subject area including the low, hidden step within the walkway. The Defendant's employees participated in and/or approved of the selection of the materials for the subject area including the subject walkway and low, hidden step contained therein. The Defendant's employees participated in and/or approved of the installation of the materials for the

subject area including the low, hidden step within the walkway. The Defendant's employees chose to install this same and/or similar low, hidden steps within walkways throughout their fleet. The Defendant's employees continue to repair, modify and/or install the same and/or similar low, hidden steps within walkways on all its ships, including the *Margaritaville at Sea Paradise*. At all times the Defendant's employees had the ultimate control over the design and construction of the *Margaritaville at Sea Paradise*. The Defendant's employees had the right to inspect both the designs on paper and the design and construction at the yard. The Defendant's employees had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *Margaritaville at Sea Paradise* and all other ships within the fleet including the same and/or similar low, hidden steps within walkways. The Defendant's employees had the right to reject any and all items, designs and construction. The Defendant's employees held the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved. The Defendant's employees approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that the Defendant has operated and maintained the ship continuously since they took possession of the vessel and/or ordered/built the vessel.

99.     The Defendant's employees knew or should have known that the subject area including the low, hidden step within the walkway it chose and installed on the *Margaritaville at Sea Paradise* was unreasonably dangerous and a tripping hazzard.

100.     The Defendant's employees knew or should have known of the dangerousness of the subject area including the subject walkway with the low, hidden step contained therein since installation.

101.     **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.** The Defendant is vicariously liable for negligent acts of its employees. A passenger is not required to

establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021).  In this case the Defendant's employee' negligent acts caused the Plaintiff to trip and fall.  Specifically, the Defendant's employees were negligent by approving, designing, constructing, and/or selecting the materials for subject area including the subject low, hidden step within the walkway onboard the *Margaritaville at Sea Paradise* where the subject incident occurred. The Defendant's employees failed to design, construct, select, approve and/or select materials that complied with industry standards.  The design and/or materials the Defendant's employees chose, selected, approved of and/or installed for the subject area on board the *Margaritaville at Sea Paradise* were unreasonably dangerous.

102.    Nevertheless, the Defendant's crew either had actual notice and/or had constructive notice of the dangerous condition as alleged in **paragraphs 20-25** above and incorporated herein.

103.    **BREACHED DUTIES.**  The Defendant's employees breached its duties of care owed to Mrs. Dowdy and were negligent by approving, designing, constructing, and/or selecting the materials for the subject low, hidden step within the walkway onboard the *Margaritaville at Sea Paradise* where the subject incident occurred. The Defendant's employees failed to design, construct, select, approve and/or select materials that complied with industry standards.  The design and/or materials the Defendant's employees chose, selected, approved of and/or installed for the subject area on board the *Margaritaville at Sea Paradise* were unreasonably dangerous.

104.    **PROXIMATE CAUSE.** The Defendant's employees' negligent design, construction, and selection of materials for the subject area on board the *Margaritaville at Sea Paradise* proximately caused Mrs. Dowdy's injuries.  Had the Defendant's employees properly and/or reasonably designed, constructed and selected the subject area onboard the *Margaritaville*

*at Sea Paradise,* Mrs. Dowdy would have never tripped, fallen and sustained injuries as a direct result of the fall on July 28, 2024.

105.   **DAMAGES.** As a result of the Defendant's employees' negligent design, construction and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described in **paragraph 17-19** and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of past earnings, and future capacity to earn, and capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By:     *s/ Sarah A. Lobel*
        **SARAH A. LOBEL, ESQ.** (FBN 88716)
        slobel@hickeylawfirm.com
        **JOHN H. HICKEY**, **ESQ.** (FBN 305081)
        hickey@hickeylawfirm.com
        federalcourtfilings@hickeylawfirm.com
        **HICKEY LAW FIRM, P.A.**
        12150 sw 128TH Court, Ste. 225
        Miami, Florida 33186
        Telephone: (305) 371-8000
        Facsimile: (305) 371-3542
        *Counsel for the Plaintiff*